IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IDEAL SLEEVES INTERNATIONAL, LLC., | ) Case No. 23-bk-01418 |
| | ) |
| Debtor | ) |
| | ) |
| Tax I.D. No. 20-8414017 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| R.B. DWYER CO., INC., | ) Case No. 23-01420 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 33-065298 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| COLOR CRAFT FLEXIBLE PACKAGING, LLC, | ) Case No. 23-01421 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 81-4756850 | ) |

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §363(c) AND FED.R.BANKR.P. 4001 AUTHORIZING USE CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned proposed counsel, hereby move this Court pursuant to §363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for Interim and Final Orders

Authorizing the Debtors to Use Cash Collateral and Provide Adequate Protection (the "Motion"), and in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 363 of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules.

## BACKGROUND

2. On June 26, 2023 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. To date, no creditors' committee has been appointed by the Office of the United States Trustee.

3. The Debtors are continuing in possession of their respective assets and are operating their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. Together, the Debtors comprise an integrated commercial packaging business with facilities located in Pennsylvania, California and Tennessee. The Debtors' businesses were severely impacted by the Covid-19 pandemic, which adversely affected both their sales and resulting revenues.

5. The Debtors are co-borrowers under a pre-petition revolving credit facility made by Pathward, National Associateion f/k/a Crestmark, a division of Metabank, National Association ("Pathward") in the original principal amount of $4,000,000.00 (the "Pathward Loan"). The Pathward Loan is secured by all or substantially all of the Debtors' assets, including cash and cash equivalents (the "Collateral"). In addition, Debtor Color Craft Flexible Packaging, LLC ("Color

Craft") is the borrower under a loan made by the U.S. Small Business Administration ("SBA") in the original principal amount of $500,000.00 (the "SBA Loan").

6. As of the Petition Date, the Debtors' obligations to Pathward totaled approximately $2,459,595, and the obligations of Color Craft to the SBA totaled approximately $505,000.

7. The Debtors submit that the SBA holds a valid, perfected first priority lien on the assets of Color Craft and that Pathward holds a valid, perfected first priority lien on the assets of the other Debtors and a second priority lien on the assets of Color Craft (collectively, the "Collateral").

8. Annexed hereto and made a part hereof as Exhibit "A" is the Debtors' consolidated 13-week pro forma budget (the "Budget"), which reflects projected income and expenses through the week commencing September 8, 2023. By this motion, the Debtors request that this Court authorize their use of cash collateral through the week commencing on September 8, 2023 on an interim basis in accordance with §363 of the Bankruptcy Code and Bankruptcy Rule 4001.

9. As adequate protection of the respective interests of Pathward and the SBA in the Collateral, the Debtors propose to remain current on their respective principal and interest obligations to Pathward and the SBA during the post-petition period and to grant each lender replacement liens in collateral arising after the Petition Date.

10. The Debtors, in the normal course of their businesses, incur obligations to suppliers for a variety of goods and services and to their employees, which are essential to the continued existence of the Debtors as going concerns.

11. The Debtors require an immediate hearing to authorize the use of cash collateral for immediate expenditures and operating expenses in accordance with the Budget.

12. In this regard, the Debtors' next scheduled payroll is due and payable on July 7, 2023. An abrupt cessation of the Debtors' businesses will cause extreme hardship to the Debtors' customers, creditors and employees. Accordingly, it is necessary for the Debtors to obtain immediate authorization to use cash collateral on an interim basis.

13. It is also crucial that the Debtors' post-petition payroll obligations, including wages and withholding taxes, be paid as such obligations become due.

14. The Debtors must maintain their relationships with their labor force so that the essential services they provide are uninterrupted. If the Debtors' present employees terminate their employment, the Debtors will be forced to hire and train new employees, thus negatively impacting the Debtors' businesses and manufacturing capabilities.

## **RELIEF REQUESTED**

15. The Debtors request that the Court authorize the Debtors to use (a) cash, (b) proceeds of the pre-petition Collateral, and (c) such other funds that the Debtors obtains post-petition which may be subject to the respective pre-petition security interests of Pathward and the SBA on an interim basis through September 8, 2023 and, thereafter, on a final basis pursuant to a subsequent hearing. As adequate protection of the respective interests of Pathward and the SBA interest in the Collateral, the Debtors propose to grant each lender a replacement lien on all post-petition assets (excluding avoidance claims arising under Chapter 5 of the Bankruptcy Code) and to make post-petition payments as provided in the respective loan and security agreements.

16. The Debtors request authority to use cash collateral in the amounts and for the purposes set forth in the Budget. The use of cash collateral is necessary in order for the Debtors to continue to operate and pay their post-petition obligations as they become due.

4

17. Approval of the Debtors' request to use cash collateral is in the best interest of the Debtors, their estates and creditors.

18. In accordance with Bankruptcy Rule 4001, the Debtors request that the use of cash collateral first be preliminarily approved and then be finally approved at a subsequent hearing upon further notice to parties in interest.

19. In accordance with Bankruptcy Rule 4001, the Debtors request that the final hearing be scheduled so that at least fourteen (14) days-notice has been provided to parties in interest.

20. The entry of an order authorizing the use of cash collateral is without prejudice to the rights of the Debtors, their creditors, any trustee appointed herein, or other party in interest to contest the validity, extent or priority of any rights granted in connection with the Pathward Loan or the SBA Loan or any security interest arising from or relating to the respective credit facilities.

21. Neither the Debtors' use of cash collateral nor any payments that may be authorized by the Court to Pathward or the SBA constitute a waiver by Pathward, the SBA, the Debtors or any other party in interest of any right or claim each may now have or in the future have with respect to any issue relating to the validity, extent or priority of the respective lenders' liens and security interests.

WHEREFORE, the Debtors respectfully requests that the Court (i) enter an order at the time of the hearing granting the relief requested herein and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: June 26, 2023　　　　　　　　**KURTZMAN | STEADY, LLC**

        By:   /s/ Jeffrey Kurtzman
                 Jeffrey Kurtzman, Esquire
                 555 City Avenue, Suite 480
                 Bala Cynwyd, PA 19004
                 Telephone: (215) 839-1222
                 Email: kurtzman@kurtzmansteady.com

            - and -

Frank Hoegen, Esquire
HOEGEN & ASSOCIATES, PC
152 S. Franklin Street #2
Wilkes-Barre, PA 18701
Telephone: (570) 820-3332
Email: fhoegen@hoegenlaw.com

Proposed Co-Counsel for Debtors-in-Possession