# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| IDEAL SLEEVES INTERNATIONAL, LLC., | ) Case No. 23-bk-01418 (MJC) |
| Debtor | ) |
| Tax I.D. No. 20-8414017 | ) |
| | |
| In re: | ) Chapter 11 |
| R.B. DWYER CO., INC., | ) Case No. 23-bk-01420 (MJC) |
| Debtor. | ) |
| Tax I.D. No. 33-065298 | ) |
| | |
| In re: | ) Chapter 11 |
| COLOR CRAFT FLEXIBLE PACKAGING, LLC, | ) Case No. 23-bk-01421 (MJC) |
| Debtor. | ) |
| Tax I.D. No. 81-4756850 | ) |

**SUPPLEMENT TO MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §363(c) AND FED. R. BANKR. P. 4001 AUTHORIZING USE OF CASH COLLATERAL AND <u>PROVING ADEQUATE PROTECTION</u>**

R.B. Dwyer Holding Co., Inc. (the "Debtor"), Ideal Sleeve International, LLC and Color Craft Flexible Packaging, LLC (the "Debtors"), as debtors and debtors-in-possession, hereby file this supplement to the Debtors' motion for interim and final orders authorizing the Debtors to use cash collateral and for related relief (the "Cash Collateral Motion") and respectfully represent as follows:

# INTRODUCTION

1. On June 26, 2023 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code To date, no creditors' committee has been appointed by the Office of the United States Trustee.

2. The Debtors are continuing in possession of their respective assets and are operating their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3. On the Petition Date, the Debtors filed the Cash Collateral Motion, which seeks interim and final authority to use cash collateral of their respective pre-petition lenders, including Pathward, National Association ("Pathward") and the U.S. Small Business Administration.

4. On June 29, 2023, Pathward filed an objection to the Cash Collateral Motion.

5. On June 29, 2023, this Court held an interim hearing (the "Interim Hearing") on the Cash Collateral Motion and authorized the Debtors' partial use of cash collateral through July 5, 2023. In connection with the Initial Hearing, this Court directed the Debtors to file a supplement to the Cash Collateral Motion, which, among other things, included the Pathward loan and security documents (the "Loan Documents"), and scheduled a further interim hearing on July 5 at 2:00 p.m

6. The Loan Documents consist, among other things, of a $4,000,000.00 promissory note, a copy of which is annexed hereto and made a part hereof as Exhibit "A", and a Loan and Security Agreement, (the "Loan Agreement"), a copy of which is annexed hereto and made a part hereof as Exhibit "B".

7. Under the Loan Agreement, Pathward was obligated to make advances based on a formula expressed as ninety (90%) of accounts receivable plus the lesser of $1,250,000 and fifty

(50%) percent of eligible inventory, subject to a cap.  See, Schedule to Loan Agreement.

8. At the Interim Hearing, the Debtors' president and chief financial officer, David Conley, testified concerning Pathward's systematic efforts to reduce the advance rates under the Loan Agreement and the crippling effect which those efforts had on the Debtors' liquidity and their resulting decision to commence these cases.

9. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §l57 (b)(2).  The statutory predicates for the relief requested herein are §§363 and 364. of the Bankruptcy Code and Bankruptcy Rule 4001.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

10. Section 363(a) of the Bankruptcy Code defines cash collateral, in relevant part, as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents, whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property…whether expiring before *or after* the commencement of a case under this title." (Emphasis added).  As such, the Debtors' borrowing availability under the Loan Document is itself "cash collateral" within the statutory definition.

11. As such, the Bankruptcy Code creates a far broader scope in delineating those assets constituting cash collateral than that urged by Pathward, which asserts that cash collateral is limited to cash on hand in the Debtors' concentration account.  However, the expansive language used by Congress in fashioning §363(a) contains no such constraints.

12. Here, the Debtors have the right, subject to providing Pathward with adequate protection, to access cash collateral with reference to their funding availability under the Loan

Agreement, which in turn is informed by the existence and amount of eligible collateral.

13. Pathward attempted to frame this issue as one arising under §364 of the Bankruptcy Code at the Interim Hearing. Section 364(d)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if – (A) the trustee is unable to obtain such credit otherwise; and (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

14. While the Debtors submit that this Court has the statutory authority to permit the Debtors to access Pathward advances under §363(c) of the Bankruptcy Code, it has concurrent authority to approve the same relief under §364 so long as it determines that, in doing so, Pathward's interests remain adequately protected.

15. As demonstrated by Mr. Conley's testimony at the Interim Hearing, Pathward's interests are more than adequately protected by the existence of a substantial equity cushion and by the granting of replacement liens in post-petition assets.

16. Based on the two relevant Bankruptcy Code sections, therefore, whether construed in tandem or independently, this Court has the ability to enforce the Loan Agreement and to permit the Debtors to access loan proceeds where the Court is satisfied that the adequate protection requirements have been met.

17. The Debtors anticipate that Pathward will argue that the Loan Agreement may not be assumed by the Debtors pursuant to §365(c)(2) as a "contract to make a loan or extend other debt financing or financial accommodations". However, the Debtors are seeking no such relief under §365 and have not sought nor will seek to assume the Loan Agreement in these

proceedings.

18. For the foregoing reasons, this Court should permit the Debtors to use cash available under the Loan Agreement for the purposes and in the amounts described in the Cash Collateral Motion.

## **CONCLUSION**

19. For all of the reasons set forth in that motion, and based on Mr. Conley's unrebutted testimony, such relief would clearly serve the best interests of creditors.

WHEREFORE, the Debtors respectfully request entry of an order authorizing the Debtors to use cash collateral, together with such other and further relief as is just and proper.

Dated: June 30, 2023              **KURTZMAN | STEADY, LLC**

By: */s/ Jeffrey Kurtzman*
　　Jeffrey Kurtzman, Esquire
　　555 City Avenue, Suite 480
　　Bala Cynwyd, PA 19004
　　Telephone: (215) 839-1222
　　Email: kurtzman@kurtzmansteady.com

　　Proposed Co-Counsel for Debtors