IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:<br><br>IDEAL SLEEVES INTERNATIONAL, LLC<br><br>Debtor. | ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 5:23-bk-01418-MJC |
| In re:<br><br>R.B. DWYER CO., INC.<br><br>Debtor. | ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 5:23-bk-01420-MJC |
| In re:<br><br>COLOR CRAFT FLEXIBLE PACKAGING, LLC<br><br>Debtor. | ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 5:23-bk-01421-MJC |

**PATHWARD, NATIONAL ASSOCIATION'S SUPPLEMENT TO OBJECTION TO THE MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. § 363(c) AND FED.R.BANKR.P. 4001 AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

Pathward, National Association, f/k/a Crestmark, a division of MetaBank, National Association ("Pathward"), by its counsel Pillar+Aught, and Taft Stettinius & Hollister LLP, files this supplemental objection to the Motion of Debtors and Debtors-In-Possession for Interim and Final Orders Pursuant to 11 U.S.C. § 363(c) and Fed.R.Bankr.P. 4001 Authorizing Use of Cash Collateral and Providing Adequate Protection [Docket No. 9] (the "Motion") and the Supplement to Motion of Debtors and Debtors-In-Possession for Interim and Final Orders Pursuant to 11

1

U.S.C.§ 363(c) and Fed.R.Bankr.P. 4001 Authorizing Use of Cash Collateral and Proving Adequate Protection [Docket No. 35], for the following reasons:

## I. Debtor May Not Force Pathward to Make Advances (Loans)

1. The Debtor is improperly attempting to obtain entry of an order requiring Pathward to make post-petition advances or loans to the Debtors based upon provisions of Pathward's pre-petition loan documents that were modified and then terminated prior to the petition.

2. Initially, the Debtor deceptively did not include all relevant loan documents as part of its filings. The Debtors have been in default on its loan documents with Pathward since December 22, 2022. The Debtors and Pathward entered into various forbearance agreements, attached as Exhibit A, consisting of a Forbearance Agreement dated January 4, 2023, an Amended and Restated Forbearance Agreement dated May 4, 2023, and a Second Amended and Restated Forbearance Agreement executed in May 2023, which amended the loan formula that the Debtors rely on.

3. Pathward previously agreed to make advances or loans to the Debtors in Pathward's sole discretion provided, among other things, the Debtors were not in default and were within the agreed upon formula. It must be noted that even if the loan documents were not terminated and the Bankruptcy Court could force Pathward to make a post-petition loan (which it cannot do), the Debtors are out of formula and would have no borrowing availability.

4. There is, moreover, no authority in the Bankruptcy Code that authorizes the Bankruptcy Court to force Pathward to make an advance or loan to the Debtors under any scenario.

5. Bankruptcy Code section 365(c) specifically prohibits the assumption of a contract to make a loan or extend credit.

6. In fact, "the [debtor in possession] may not enforce a prepetition contract with the debtor to make a loan even if the nondebtor party to the contract consents. To do so would run afoul of the carefully crafted procedures and restrictions on obtaining post petition credit found in section 364." COLLIER ON BANKRUPTCY ¶365.07[2] (16th Ed. Volume 3), page 365-75.

7. Bankruptcy Code section 364 deals with consensual loans and is the only section of the Bankruptcy Code that allows a debtor to borrow funds or that authorizes a lender to make secured advances or loans to a debtor on a secured basis. The Debtors had a proposal from another lender to make a post-petition loan to the Debtors that was withdrawn, and Pathward is not willing to make a post-petition loan to the Debtors.

II. **Debtor's Interpretation of Cash Collateral is Wrong**

8. Pursuant to 11 U.S.C. § 363(a), the only relief this Court can grant on the Motion is the use of actual cash or cash equivalents.

9. Bankruptcy Code section 363 is a limitation on a debtor's right to operate in the normal course of business and was designed to protect a secured parties' security interest in existing cash collateral. "Recognizing that cash and cash equivalents are easily dissipated, the Code places strict limitations on a trustee's ability to use such Property." COLLIER ON BANKRUPTCY ¶365.07[2] (16th Ed. Volume 3), page 363-30.

10. Collateral is defined as "property subject to a security interest or agricultural lien." Uniform Commercial Code section 9-102(12). An obligation to make a loan is certainly not collateral of any kind let alone "cash collateral".

11. "Cash Collateral" is defined in Bankruptcy Code Section 363(a) as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents … ." As summarized in Collier on Bankruptcy, "cash collateral also includes proceeds, products,

offspring, rents or profits of property." COLLIER ON BANKRUPTCY ¶363.03[3] (16th Ed. Volume 3), page 363-31. Importantly, "cash collateral ***does not*** include noncash assets that can be converted to cash, no matter how easily." *Id.* (emphasis added).

12. Accordingly, accounts and inventory do not constitute cash collateral until they are collected.

### III. Debtor's Motion Should Be Denied

13. The Debtor is admittedly unable to successfully operate using only cash collateral. The Debtors' chief financial officer testified at the initial hearing on June 29, 2023, that the Debtor needs post-petition advances or loans to be able to operate.

14. Moreover, even if the Debtors obtained post-petition loans or advances on a consensual basis they still could not operate or reorganize. Their own projections are an admission that they have a million dollars shortfall of the funds they need to operate.

15. If a debtor is clearly unable to reorganize, the debtor should not jeopardize Pathward's collateral position by the use of cash collateral. *In re Hari Ram, Inc.*, 507 B.R. 114, 125 (Bankr.M.D. PA. 2014) (citing In re *C.F. Simonin's Sons, Inc.*, 28 B.R. 707, 711 (Bankr. E.D.N.C. 1983); *Sharon Steel Corp. v. Citibank, N.A.*, 159 B.R. 165, 172 (Bankr.W.D.Pa.1993 (debtor could not use cash collateral although creditors were oversecured because business plan was unrealistic and unattainable).

**WHEREFORE**, Pathward requests that the Court deny the entry of the Motion and grant Pathward additional related relief.

    Respectfully submitted by,

    PILLAR+AUGHT

    By: /s/ Kate Deringer Sallie
    Kate Deringer Sallie

4

Attorney I.D. No. 208116
ksallie@pillaraught.com
4201 E. Park Circle
Harrisburg, PA 17111
(717) 308-9910

- **And** -

**TAFT STETTINIUS & HOLLISTER LLP**

By: /s/ *Richard Kruger*
Richard Kruger (MI-P57142) (*pro hac vice*)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
Facsimile: (248) 351-3082
rkruger@taftlaw.com

*Attorneys for Pathward, National Association*

Dated: July 5, 2023